

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 18, 2003

The Honorable David Swinford
Chair, Committee on Government Reform
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0124

Re: Whether municipal hotel occupancy tax revenue may be used to fund certain programs at a county senior center   (RQ-0065-GA)

Dear Representative Swinford:

On behalf of the City of Dumas (the "City"), you ask whether a municipality may use municipal hotel occupancy tax revenue to fund certain programs at a senior center.[1]

The City has inquired whether it may pay a portion of its hotel occupancy tax revenue to the Moore County Senior Center (the "Senior Center").[2] The Senior Center believes it is a permissible recipient of the tax revenue because people from other communities, including some from outside an "easy driving time," come to eat or to participate in other activities at the center, including quilting and crafting:

> The [C]enter has a need for additional funding to perpetuate the programming efforts including the quilting room, which is open to the public. Quilts are always on display and anyone who visits can see actual quilting being done. Funding for craft expenses; bringing in outside entertainment and brochure development, especially for the new Visitor Center here in Dumas [sic]. This funding request reflects a close relationship to the funding of Dumas' Crabb Art Center and the Window on the Plains Museum.[3]

---

[1]*See* Letter from Honorable David Swinford, Chair, Committee on Government Reform, Texas House of Representatives, to Nancy Fuller, Chair, Opinion Committee, Texas Attorney General's Office (June 11, 2003) (on file with the Opinion Committee).

[2]Letter from Vince DiPiazza, City of Dumas City Manager, to Honorable David Swinford, Chair, Committee on Government Reform, Texas House of Representatives (May 27, 2003) (on file with the Opinion Committee) [hereinafter City of Dumas Letter].

[3]Letter from Lisa Underwood, Executive Director, Moore County Senior Center Inc., to City Commission, City of Dumas (Mar. 10, 2003) (on file with the Opinion Committee); Letter from Lisa Underwood, Executive Director, Moore County Senior Center Inc., to City of Dumas City Council Members (Jan. 16, 2003) (on file with the Opinion Committee).

The City asks whether a payment to the Senior Center would be "a legal use of" its municipal hotel occupancy tax revenue.  City of Dumas Letter, *supra* note 2.

Any incorporated municipality "by ordinance may impose a tax" on certain persons who pay to use or possess "a room that is in a hotel, costs $2 or more each day, and is ordinarily used for sleeping."  TEX. TAX CODE ANN. § 351.002(a) (Vernon 2002); *see also id.* § 351.001(1), (4) (defining the terms "municipality" and "hotel").  Section 351.101 of the Tax Code restricts the use of the revenue:

> (a) Revenue from the municipal hotel occupancy tax may be used only to promote tourism and the convention and hotel industry, and that use is limited to the following:
>
> > (1) the acquisition of sites for and the construction, improvement, enlarging, equipping, repairing, operation, and maintenance of convention center facilities or visitor information centers, or both;
> >
> > (2) the furnishing of facilities, personnel, and materials for the registration of convention delegates or registrants;
> >
> > (3) advertising and conducting solicitations and promotional programs to attract tourists and convention delegates or registrants to the municipality or its vicinity;
> >
> > (4) the encouragement, promotion, improvement, and application of the arts, including instrumental and vocal music, dance, drama, folk art, creative writing, architecture, design and allied fields, painting, sculpture, photography, graphic and craft arts, motion pictures, radio, television, tape and sound recording, and other arts related to the presentation, performance, execution, and exhibition of these major art forms;
> >
> > (5) historical restoration and preservation projects or activities or advertising and conducting solicitations and promotional programs to encourage tourists and convention delegates to visit preserved historic sites or museums:
> >
> > > (A) at or in the immediate vicinity of convention center facilities or visitor information centers; or
> > >
> > > (B) located elsewhere in the municipality or its vicinity that would be frequented by tourists and convention delegates; and

> (6) for a municipality located in a county with a population of 290,000 or less, expenses, including promotion expenses, directly related to a sporting event in which the majority of participants are tourists who substantially increase economic activity at hotels and motels within the municipality or its vicinity.
>
> (b) Revenue derived from the tax authorized by this chapter shall be expended in a manner directly enhancing and promoting tourism and the convention and hotel industry . . . . That revenue may not be used for the general revenue purposes or general governmental operations of a municipality.

TEX. TAX CODE ANN. § 351.101 (Vernon Supp. 2004); *see id.* § 351.001(2), (4), (8)-(9) (Vernon 2002) (defining various terms). The term "tourism" is defined as "the guidance or management of tourists," and the term "tourist" is defined to mean "an individual who travels from the individual's residence to a different municipality, county, state, or country for pleasure, recreation, education, or culture." *Id.* § 351.001(5)-(6) (Vernon 2002).

The crucial issue is whether allocating the tax revenue to the Senior Center promotes "tourism and the convention and hotel industry" and is within the permissible uses listed in section 351.101(a) of the Tax Code. *See* Tex. Att'y Gen. Op. No. DM-394 (1996) at 3 (stating that a municipality may use municipal hotel occupancy tax revenue only for the uses set out in section 351.101).

The City may not allocate any tax revenue to fund meals at the Senior Center because meals are not within any permissible use listed in section 351.101(a). *See* TEX. TAX CODE ANN. § 351.101(a) (Vernon Supp. 2004).

This office ultimately cannot determine whether funding other Senior Center activities are permissible under section 351.101 because fact issues are involved. *See* Tex. Att'y Gen. LO-92-51, at 2 (stating that determining whether section 351.101(b) permits a particular expenditure is a question of fact); Tex. Att'y Gen. LO-92-16, at 3 (same). Rather, it is for the city's governing body to determine in the first instance whether a proposed expenditure is among the permissible uses section 351.101(a) lists and will "directly enhanc[e] and promot[e] tourism and the convention and hotel industry." TEX. TAX CODE ANN. § 351.101(b) (Vernon Supp. 2004); *see* Tex. Att'y Gen. LO-92-51, at 2. A municipality could find, for example, that subsidizing a quilting exhibit or demonstration at a senior center is permissible as encouraging, promoting, improving, and applying the arts, although the municipality would also have to find that the subsidy would "directly enhanc[e] and promot[e] tourism and the convention and hotel industry." TEX. TAX CODE ANN. § 351.101(a)-(b) (Vernon Supp. 2004). But any use of the funds that would not directly enhance and promote tourism and the convention and hotel industry would be impermissible under the statute: "[W]hen money is spent for one of the [uses] listed in subsection (a), it should be done . . . in a manner that promotes tourism and the convention and hotel industry." Tex. Att'y Gen. Op. No. JM-965 (1988) at 2.

## S U M M A R Y

Under section 351.101 of the Tax Code, a municipality may expend its municipal hotel occupancy tax revenue "only to promote tourism and the convention and hotel industry" and only for the specific uses listed in the statute. TEX. TAX CODE ANN. § 351.101(a) (Vernon Supp. 2004). Whether a particular proposed expenditure of municipal hotel occupancy tax revenue is a permissible use and will "directly enhanc[e] and promot[e] tourism and the convention and hotel industry" is for a municipality's governing body to determine in the first instance.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee